## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| **THE BANK OF NEW YORK MELLON** ) | |
| **f/k/a The Bank of New York, as successor** ) | |
| **trustee to JPMorgan Chase Bank, N.A.,** ) | |
| **as trustee for the certificate holders of** ) | |
| **CWABS Master Trust, Revolving Home** ) | |
| **Equity Loan Asset Backed Note, 2004-C,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **15-13935-FDS** |
| ) | |
| **GERARD CIOFFI,** ) | |
| ) | |
| **Defendant/Counterclaim Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BANK OF AMERICA, N.A.** ) | |
| ) | |
| **Counterclaim Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER ON MOTION TO REMAND

**SAYLOR, J.**

This is an action arising out of the foreclosure and sale of a residential property owned by

defendant Gerard Cioffi.  It presents a somewhat unusual procedural question:  whether a party

who is newly added to a case as an additional counterclaim defendant—and who is thus neither

an original defendant; an additional defendant added by the plaintiff; nor a third-party

defendant—can then remove the case from state to federal court.  The majority view is that such

a party cannot remove the case.  For the reasons set forth below, although the majority view is

arguably at odds with the purpose and even the language of the removal statute, the Court will

nonetheless follow those rulings, and the motion to remand will be granted.

## I.   **Background**

In September 2011, Bank of America, N.A. ("BANA") foreclosed on a property located at 11 Frances Drive, Newburyport, Massachusetts, owned by Gerard Cioffi.  It then sold the property to plaintiff Bank of New York Mellon ("BNYM").

In January 2012, BNYM commenced a summary process action in the Massachusetts Northeast Housing Court against Gerard Cioffi seeking possession of the property.  Almost three and a half years later, Cioffi filed a motion "for leave of court to implead" BANA as a defendant under Massachusetts Rule of Civil Procedure 14.  (Greaney Aff. Ex. B).  In his motion, Cioffi stated that he intended to bring claims against BANA for, among other things, breach of contract, unfair and deceptive trade practices, and wrongful foreclosure.[1]  The claims against BANA alleged, in substance, that the bank did not properly foreclose on the property prior to the sale. The Housing Court granted that motion on November 9, 2015, by means of a handwritten margin order.  In full, the order stated as follows:  "Aft. Hearing, allowed.  *See* MRCP Rules 14(a), 17(a), 18, 19(a), 20(a), 25(c)."  (Greaney Aff. Ex. B).

BANA removed the case to federal court on November 24, 2015, fifteen days later.  The jurisdictional basis for removal was diversity of citizenship.  According to the notice of removal, Cioffi is a citizen of Massachusetts; BNYM is a Delaware corporation with a principal place of business in New York; and BANA is a national banking association with a principal place of business in North Carolina.

---

[1] More specifically, Cioffi's claims against BANA include claims for (1) breach of contract; (2) unfair and deceptive trade practices, in violation of Mass. Gen. Laws ch. 93A; (3) violation of the Massachusetts Fair Debt Collection Practices Act, Mass. Gen. Laws ch. 93A, § 49; (4) unlawful foreclosure, in violation of Mass. Gen. Laws ch. 183,§ 21 and Mass. Gen. Laws ch. 244, §§ 14-17, 35; (5) negligence; (6) trespass; and (7) intentional infliction of emotional distress. (Greaney Aff. Ex. B).

Although Cioffi's motion for leave "to implead" BANA included a draft complaint, no complaint was served on BANA prior to November 24.  Cioffi timely filed a motion to remand on December 3, 2015.

## II.    Analysis

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added).  There are many different types of "defendants," however, not all of whom are entitled to remove an action under the statute.  Accordingly, the first issue before the Court is how to characterize BANA's position in this litigation.

### A.    BANA is an Additional Counterclaim Defendant

Cioffi contends that BANA is a "third-party defendant" based on the housing court's granting of his motion for leave to "implead" BANA pursuant to Mass. R. Civ. P. 14.  However, the housing court's margin order purported to allow the motion pursuant to Rules 14, 17, 18, 19, 20, and 25.

Mass. R. Civ. P 14(a) provides that "a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him."  Here, Cioffi is the "defending party" in the summary process action.  But the claims Cioffi makes against BANA assert that it is directly liable to Cioffi for its separate misconduct; BANA's liability to Cioffi is not dependent on, and does not flow from, any liability Cioffi may have to BNYM for possession of the property.  Thus, BANA is not a party "who is or may be liable to" Cioffi "for all or part of" BNYM's claim

against Cioffi for possession.  Accordingly, BANA cannot be a third-party defendant under Mass. R. Civ. P. 14 or its federal analogue.[2]

Mass. R. Civ. P. 17 addresses the requirement that an action be brought by the "real party in interest."  That rule is clearly inapplicable to the joinder of BANA to the original summary process action.  Mass. R. Civ. P. 18 addresses the joinder of claims and remedies, and is likewise clearly inapplicable.  Mass. R. Civ. P. 19 addresses the joinder of necessary parties; as BANA notes, "there is no basis for any suggestion by Cioffi that BANA is necessary to the summary process eviction."  (BANA Suppl. Opp. 4).  Mass. R. Civ. P. 25 addresses the substitution of parties due to death, incapacity, incompetency, or a transfer of interest, and is also clearly inapplicable.

That leaves Rule 20 as the only potential appropriate basis for joinder.  Rule 20 allows for the permissive joinder of parties for claims involving the same "transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these [parties] will arise in the action."  Mass. R. Civ. P. 20; *see also* Fed. R. Civ. P. 20 (same, with minor stylistic differences).  Although Mass. R. Civ. P. 20  does not speak directly to the addition of new parties, Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."  Mass. R. Civ. P. 13(h).

Here, BANA was not a party to an original action, and was made a party only as a result of Cioffi's counterclaim.  BANA has not asserted any claims against either BNYM or Cioffi, and it is not a plaintiff either in form or in substance.  Accordingly, BANA is only a counterclaim

---

[2] Fed. R. Civ. P. 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The nonparty who is so served becomes the "third-party defendant."  Fed. R. Civ. P. 14(a)(2).

defendant in this action.  In order to distinguish BANA from a plaintiff that is already party to an action when a counterclaim is asserted against it, the Court will use the phrase "additional counterclaim defendant" to describe BANA's status.  *See Westwood Apex v. Contreras*, 644 F.3d 799, 801 (9th Cir. 2011) (labeling "a party joined to an action as a defendant to a counterclaim" as an "additional counterclaim defendant").

### B.    Is BANA a "Defendant" under 28 U.S.C. § 1441(a)?

The key question presented in this case is whether BANA—as an additional counterclaim defendant—falls within the meaning of "defendant" as used in 28 U.S.C. § 1441, and therefore is within the class of parties entitled to remove an action to federal court.

#### 1.    *Shamrock Oil*

The starting point for any discussion of the meaning of "defendant" under  § 1441(a) is the Supreme Court's decision in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  In that case, Shamrock filed suit in Texas state court against defendant Sheets.  *Id.* at 102.  After Sheets filed a counterclaim against Shamrock for breach of contract, Shamrock removed the case to federal court.  *Id.* at 102-03.  Shamrock argued that removal was proper because it had become a defendant upon the assertion of the counterclaim.  *Id.* at 104.

The Supreme Court reviewed the statutory history of § 1441(a) and concluded that that the term "defendant" did not include an original plaintiff who later became a counterclaim defendant after the defendant asserted a counterclaim.  *Id.* at 107-09.  The court "emphasized that, at different times, removal was either afforded to 'defendants' or, alternatively, to 'either party.'  Because Congress was presumed to be aware of this statutory history, [the court found that] the choice of 'defendant' was a deliberate exclusion of other classes of parties."  *Westwood*

*Apex*, 644 F.3d at 805 (citing *Shamrock Oil*, 313 U.S. at 105-08).[3]  The *Shamrock Oil* court also

observed:

> [T]he policy of the successive acts of Congress regulating the jurisdiction of
> federal courts is one calling for the strict construction of such legislation. The
> power reserved to the states under the Constitution to provide for the
> determination of controversies in their courts, may be restricted only by the action
> of Congress in conformity to the Judiciary Articles of the Constitution. "Due
> regard for the rightful independence of state governments, which should actuate
> federal courts, requires that they scrupulously confine their own jurisdiction to the
> precise limits which the statute has defined."

*Shamrock Oil*, 313 U.S. at 108-09 (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).  Thus,

"[s]ince *Shamrock Oil*, the law has been settled that a counterclaim defendant who is also a

plaintiff to the original state action may not remove the case to federal court."  *Westwood Apex*,

644 F.3d at 805 (listing cases).

### 2.    The "Original Defendant" Rule

Over time, the holding of *Shamrock Oil* evolved into what has been termed the "original

defendant rule."  Under the original defendant rule, only an "original defendant"—that is, a

defendant named in the pleading that commenced the action—may remove a case to federal

court.  *See Westwood Apex*, 644 F.3d at 807 (Bybee, J., concurring).

The use of the term "original defendant rule" is unfortunate, because it is inaccurate and

---

[3]  As Judge Bybee explained in his concurrence in *Westwood Apex*:

> *Shamrock Oil* held that an original plaintiff against whom the defendant asserts a permissive
> counterclaim may not remove the suit to federal court on the grounds of diversity of citizenship
> because, by voluntarily choosing to commence his action in state court, the original plaintiff
> thereby submitted himself to the state court's jurisdiction. *Shamrock Oil*, 313 U.S. at 106-07.  As
> the Supreme Court explained nearly 150 years ago, original plaintiffs who "voluntarily
> resort[ ] . . . to the State court . . . [are] bound to know of what rights the defendants to their suit
> might avail themselves under [that State's rules of civil procedure].  Submitting themselves to
> [this] jurisdiction they submit[ ] themselves to it in its whole extent." *West v. Aurora City*, 73 U.S.
> 139 (1867).

*Westwood Apex*, 644 F.3d at 807-08 (Bybee, J., concurring).

therefore potentially confusing.  The *Shamrock Oil* rule is in fact a prohibition against removal by an original *plaintiff*, regardless of whether the original plaintiff later becomes a counterclaim defendant.  *See id.* at 807-08 (Bybee, J., concurring) (noting that *Shamrock Oil* applies to original plaintiffs, not original defendants).  Indeed, it is well-established that a defendant who was added to the case because the plaintiff later amended the complaint—and who is therefore *not* an original defendant—is entitled to remove.  *See, e.g.*, *Harden v. Field Mem'l Cmty. Hosp.*, 265 Fed. Appx. 405 (5th Cir. 2008); *Springman v. AIG Mktg., Inc.*, 523 F.3d 685 (7th Cir. 2008); *Brown v. Tokio Marine*, 284 F.3d 871 (8th Cir. 2002); *Egan v. Bechtel Corp.*, 2004 WL 2634411 (D. Mass. Nov. 19, 2004).

It is thus clear that at least two categories of defendants (original defendants and additional defendants added by the plaintiff) can remove a case to federal court, and at least one category of defendant (original plaintiffs who become counterclaim defendants) cannot.  The question here is which rule applies to an additional counterclaim defendant.  To frame the issue more precisely:

1.   *Original Defendant.*  A party can be named as a defendant in the original complaint filed in state court.  Such a party is entitled to remove the action to federal court (assuming that the removal requirements are otherwise met).  *See* 28 U.S.C. § 1441(a).

2.   *Additional Defendant.*  A party can be named as a defendant if the original plaintiff amends the complaint to add a new defendant.  Such a party is also entitled to remove.  *See, e.g.*, *Springman*, 523 F.3d at 687; *Brown*, 284 F.3d at 873.

3.   *Original Plaintiff/Counterclaim Defendant.*  A plaintiff who brought the action in

state court can be named as a counterclaim defendant if an original or additional

defendant asserts a counterclaim against it.  Such a party cannot later remove the

action to federal court, even if it later becomes a counterclaim defendant.

*Shamrock Oil*, 313 U.S. at 107-09.

4.     *Additional Counterclaim defendant.*  A party can be named as a defendant if an

original or additional defendant asserts a counterclaim against a party that was not

previously a party to the litigation.  That is the situation presented here.

### 3.     <u>Whether Third-Party Defendants Can Remove</u>

Before turning to the question whether additional counterclaim defendants can remove, a

review of the case law concerning removal by third-party defendants may be instructive.  A party

can be named as a third-party defendant under a state-law analogue to Rule 14 if a defendant

asserts a claim against that party because the party "is or may be liable to the original defendant

for all or party of the plaintiff's claims against him."  Fed. R. Civ. P. 14(a).[4]  Such a third-party

claim is typically for contribution or indemnity.

The majority of courts that have considered the issue have held that third-party

defendants are not entitled to remove an action under § 1441.  *See, e.g.*, *First Nat. Bank of*

*Pulaski v. Curry*, 301 F.3d 456, 461-62 (6th Cir. 2002); *Lewis v. Windsor Door Co., a Div. of*

*Ceco Corp.*, 926 F.2d 729, 733 (8th Cir. 1991); *Thomas v. Shelton*, 740 F.2d 478, 487-88 (7th

Cir. 1984); *Capitalsource Fin., LLC v. THI of Columbus, Inc.*, 411 F. Supp. 2d 897, 900 (S.D.

Ohio 2005); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990); *Luebbe*

*v. Presbyterian Hosp. in City of New York at Columbia-Presbyterian Med. Ctr.*, 526 F. Supp.

---

[4] A party can also be added to a case as a defendant in other ways—for example, as an intervenor-defendant.  *See* Fed. R. Civ. P. 24.  It is unclear whether or under what circumstances such a defendant could remove an action to federal court.

1162, 1164 (S.D.N.Y. 1981).[5]  The principal exception is the Fifth Circuit, which permits

removal by third-party defendants in at least some circumstances.  *See Carl Heck Eng'rs, Inc. v.*

*Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980) (allowing third-party defendant to

remove under § 1441(c)); *see also Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc*., 563

F. Supp. 1108 (N.D. Ill. 1983) (no longer good law after *Shelton*, 740 F.2d 478).

In *Pulaski*, the Sixth Circuit held that § 1441(a)'s reference to "defendants" did not

include a third-party defendant.  301 F.3d at 461-62.  The court held as follows:

> Although *Shamrock Oil* is not dispositive of the precise issue before us, it does
> dictate that the phrase 'the defendant or the defendants,' as used in § 1441(a), be
> interpreted narrowly, to refer to defendants in the traditional sense of parties
> against whom the plaintiff asserts claims.

*Id.* at 462.  The *Pulaski* court also found it significant that Congress has used "more expansive

terms in other removal statutes":

> Title 28 grants removal power in bankruptcy cases to any "party," *see* 28 U.S.C.
> § 1452(a), a broader grant of power that courts have interpreted to extend to third-
> party defendants. Title 28 also allows removal by any "foreign state" against
> which an action is brought in state court, *see* 28 U.S.C. § 1441(d), and courts have
> interpreted that grant to include foreign states that are third-party defendants.  By
> contrast, § 1441(a)'s grant of removal power is much more limited, instilling a
> right of removal only in the defendant or the defendants.

*Id.* at 463 (internal citations omitted).  The court therefore concluded that third-party defendants

do not have a right of removal under § 1441(a).

The First Circuit does not appear to have addressed the issue.  There are, however, at

least three decisions by district courts in Massachusetts that have concluded that third-party

defendants cannot remove an action.  *See Coren by Jefferson v. Cardoza*, 139 F.R.D. 561 (D.

Mass. 1991) (Tauro, J.) (adopting Report and Recommendation of Cohen, M.J.); *Johnson v.*

---

[5] Many of the cited cases are older cases interpreting whether a third-party defendant had the ability to remove under a now-outdated version of 28 U.S.C. § 1441(c), and whether the first-party claims should have been remanded to state court, as § 1441(c) then allowed.  *Id.*

*Boria*, 1993 WL 185302 (D. Mass. May 27, 1993) (Gorton, J.); *Chase Bank USA, N.A. v. Berg*, 2008 WL 1925002 (D. Mass. April 29, 2008) (Sorokin, M.J.).[6]

In *Coren*, a Massachusetts plaintiff filed a lawsuit against a Massachusetts defendant in state court. 139 F.R.D. 561. The defendant then sued a number of non-Massachusetts third-party defendants, asserting claims for contribution and indemnity, as well as direct claims for damages. The third-party defendants removed the action to federal court under the then-existing version of the removal statute.[7] The district court remanded the case, holding that only a "direct defendant[], not [a] third party defendant," was entitled to remove. 139 F.R.D. at 564. It relied in large part on the view set forth by Professor Moore that the removal statute be strictly construed, consistent with the Supreme Court's holding in *Shamrock Oil*. *Id*. The court also quoted the following observation by Moore:

> If the original defendants have no right to remove the plaintiff's suit, or if the
> original defendants have chosen not to exercise their right to removal, why should
> an ancillary defendant to an ancillary claim be construed, absent an express
> statutory declaration, to have the right to remove and defeat the main parties'
> choice of the state forum?

*Id*. at 565 (quoting 1A Moore's Federal Practice ¶ 0.167[10], at 511-14). It also quoted his comment that "[r]emoval on such a basis is too much akin to the tail wagging the dog." *Id*. at 564; *accord Johnson*, 1993 WL 185302, at *1 (citing *Coren*, 139 F.R.D. 561).

In *Chase Bank*, a state-court defendant asserted a counterclaim against the plaintiff and claims against two new defendants. 2008 WL 1925002. The two new defendants then removed

---

[6] In *Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316 (D. Mass. 2003) (Swartwood, M.J.), the court remanded a case that had been removed by a third-party defendant because an earlier-served third-party defendant had not consented to the removal. The opinion did not address the question whether a third-party defendant had the right to remove, even with the requisite consent.

[7] The relevant statute, 28 U.S.C. § 1441(c), was amended on December 1, 1990. "Prior to the amendment, separate and independent claims could be removed in federal question cases and diversity cases. The amendment eliminated the separate and independent claims removal procedure in diversity cases, leaving that only to federal question cases." *Coren*, 139 F.R.D. at 563 n.6.

the case.  Although the new defendants were not actually third-party defendants—they were not

parties who were allegedly liable for all or part of the claims against the original defendant—the

court nonetheless treated them as such and concluded, based on *Coren* and the majority rule, that

removal was improper.  *Id.* at *1-2.

### 4.      <u>Whether Additional Counterclaim Defendants Can Remove</u>

The question here is whether an additional counterclaim defendant, such as BANA, can

remove a case.  The two circuits that have considered the issue have concluded that additional

counterclaim defendants cannot remove under § 1441(a).  *See Westwood Apex*, 644 F.3d at 801,

806; *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332-34 (4th Cir. 2008); *but cf. State of

Texas By and Through Bd. of Regents of Univ. of Texas System v. Walker*, 142 F.3d 813, 816 (5th

Cir. 1998) (permitting additional counterclaim defendant to remove under then-existing version

of § 1441(c)).

Using nearly identical reasoning as the Sixth Circuit in *Pulaski*, the Fourth Circuit in

*Palisades Collections* held that an additional counterclaim defendant was not a "defendant"

under § 1441(a).  552 F.3d at 333.  Implicitly adopting the "original defendant" rule, the court

"easily conclude[d] that an additional counter-defendant is not a 'defendant' for purposes of

§ 1441(a)."  *Id.*  ("[A]dditional counter-defendants, like third-party defendants, are certainly not

defendants against whom the original plaintiff asserts claims.").  Like the Sixth Circuit, the court

found it meaningful that "Congress has shown the ability to clearly extend the reach of removal

statutes to include counter-defendants, cross-claim defendants, or third-party defendants," but

chose not to do so in § 1441(a).  *Id.* (citing 28 U.S.C. § 1452(a) ("A *party* may remove any claim

or cause of action . . . [related to bankruptcy cases]." (emphasis added)).  The court also noted

the oft-repeated maxim that removal jurisdiction should be construed strictly because of the

"significant federalism concerns implicated."  *Id.* at 334 (internal quotations omitted) (citing *Shamrock Oil*, 313 U.S. at 109).

In *Westwood Apex*, the Ninth Circuit held that the Class Action Fairness Act, 28 U.S.C. § 1453(b), did not allow an additional counterclaim defendant to remove a putative class action asserted as a counterclaim.  644 F.3d at 801.  In so holding, the court referred to what it termed the "accepted understanding of 'defendant'" in § 1441(a) as excluding third-party defendants and additional counterclaim defendants.  *Id.* at 805-06 (citing *Palisades*, 552 F.3d at 332, 334-36).  Although the *Westwood* court adopted and extended the interpretation of *Shamrock Oil* as precluding third-party defendants from removing under § 1441(a), it gave no reasoning for that extension other than its citations to *Palisades* and *Pulaski*.  However, in reaching its ultimate conclusion that the phrase "any defendant" in 28 U.S.C. § 1453(b) did not change the meaning of "defendant" in § 1441(a), the *Westwood* court seemingly gave considerable weight to the need to maintain an established meaning of "defendant":

> [T]he word "defendant" has an established meaning in legal practice, and it is vital to maintain consistent usage in order to ensure that Members of Congress (and those who advise them) know what proposed language will do, and people can understand the meaning of statutes . . . .
>
> By using a word with an established meaning, Congress produces the established result.

*Westwood Apex*, 644 F.3d at 806 (quoting *First Bank v. DJL Props., LLC*, 598 F.3d 915, 917 (7th Cir. 2010) (Easterbrook, J.)).[8]

The First Circuit has not addressed the question of whether an additional counterclaim

---

[8] *First Bank* addressed only the question of whether a plaintiff who became a defendant on a counterclaim could remove under CAFA.  *See First Bank*, 598 F.3d at 918 ("The word 'defendant' in [28 U.S.C.] § 1453(b) means what the word 'defendant' means elsewhere [ ]—and, as *Shamrock Oil* held, that word does not include a plaintiff who becomes a defendant on a counterclaim.").

defendant can remove a case under the statute.  At least two district courts in Massachusetts have, however, addressed the issue to some degree.  As noted, in *Chase Bank*, the court treated an additional counterclaim defendant as a third-party defendant, and held that removal was not proper.  2008 WL 1925002, at *1.  And in *Federal National Mortgage Association v. Driscoll*, No. 13-cv-10516-WGY, Dkt. No. 21 (D. Mass. March 28, 2013) (Young, J.)—in circumstances relatively similar to the present case—the court denied a motion to remand, but without explanation in an electronic order.  Other than the latter case, research has not disclosed an instance outside of the Fifth or Eleventh Circuits where an additional counterclaim defendant was permitted to remove a case to federal court.  Nor has the Court been able to locate any decision from any circuit permitting an additional counterclaim defendant to remove pursuant to § 1441(a).[9]

It is by no means clear that the prohibition against removal by additional counterclaim defendants is sensible or entirely fair.  Such a defendant, unlike an original plaintiff/counterclaim defendant, did not select the forum.  Other types of defendants, such as an original defendant or a defendant added by plaintiff's amendment, have an opportunity to remove to a federal forum.  It is at the very least illogical to deny that opportunity to an additional counterclaim defendant.

Furthermore, the rationale for permitting removal—indeed, the rationale for diversity jurisdiction—is to permit out-of-state defendants to avoid the possibility of prejudice in local courts.  *See Howard v. Genentech, Inc.*, 2013 WL 680200, at *6 (D. Mass. Feb. 21, 2013) (removal serves purpose of "protect[ing] non-forum litigants from possible state court bias in favor of forum-state litigants.") (citing *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945); Henry J. Friendly, *The Historic Basis of Diversity Jurisdiction*, 41 Harv. L. Rev. 483, n.4 (1928)

---

[9] The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit issued prior to September 30, 1981.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

("It is true, of course, that [Hamilton's] explanation of diversity jurisdiction on the basis of local prejudice has been written into the Constitution by judicial decision.")).  In that respect, an additional counterclaim defendant from a foreign jurisdiction is in no different position than the original defendant, or a defendant added to a case by the plaintiff's amendment.  The rationale for permitting removal is precisely the same in all three instances.

Nor is it particularly persuasive to argue that an additional counterclaim defendant is not a "real" defendant, and therefore outside the scope of the statutory language.  According to the majority view, a third-party defendant is an ancillary party, because its liability depends entirely on a finding of liability against the principal defendant.  That view is certainly open to debate. *See Thomas v. Shelton*, 740 F.2d 478, 491 (7th Cir. 1984) (Swygert, J., concurring) ("[T]he argument that a third-party defendant is not a defendant is conceptually specious.").  But an additional counterclaim defendant is a full-blown party, like any other defendant; it "'never voluntarily submitted [itself] to the jurisdiction of the state court,' is 'dragged into state court by service of process the same way that any other 'defendant' is brought into court,' and 'is as much a defendant as if the case had been originally brought against [it].'"  *Westwood Apex*, 644 F.3d at 808 (Bybee, J., concurring) (quoting *Ford Motor Credit Co.*, 563 F. Supp. at 1113).  An additional counterclaim defendant "has been sued in the only meaningful sense of the word— [he] has been hauled into court involuntarily and must defend an action for relief against [him]." *Ford Motor*, 563 F. Supp. at 1113.

Finally, the argument that permitting removal under these circumstances would undercut federal-state relations is doubtful at best.  Whatever friction may be created by the removal process generally, and the existence of diversity jurisdiction, the marginal additional impact of the small number of cases presenting this issue is surely minimal.

14

Notwithstanding the considerable force of those arguments, this Court does not write on a clean slate. The clear weight of authority is in the other direction, and there is no First Circuit authority to suggest anything to the contrary. By itself, that is not a reason to deny remand; if those decisions are clearly wrong, this Court should not compound the error by following them. But at the very least they are not obviously wrong. And sometimes it is more important for the law to be predictable, consistent, and easily applied than it is to be entirely logical and coherent. That may be particularly true with regard to procedural issues that do not directly address the merits of the dispute. This matter, for example, has already been subject to considerable delays, in part because the caselaw is unusually muddled and divided; a clear rule—even one that was not wholly logical—would be more likely to promote the cause of justice than an opinion creating a divergence of opinion within this district. For those reasons, and with some misgivings, the Court will adhere to the majority view.

As a final note, there is a potential additional statutory ambiguity that cautions in favor of remand. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, the notice of removal filed by BANA stated that BNYM (the original plaintiff, also a counterclaim defendant) consented to removal. But Cioffi is also a defendant; indeed, he is the original defendant in the case. Was his consent required, as well? Such an interpretation is not particularly sensible, to be sure; but if the statutory term "defendant" means "original defendant," or "original defendant plus defendants added by plaintiff's amendment," then Cioffi's consent was indeed required. The Court will not resolve the question here, but again prudence would suggest that remand is appropriate.

### C.      Timeliness of Removal

Cioffi further contends that BANA's attempt to remove is procedurally improper because BANA has not been served with the complaint, although he does not deny that his intention is to serve BANA eventually.  Removal cannot be accomplished "too early" as long as the removing party has, in fact, been made a party to the litigation.  *See Sutler v. Redland Ins. Co.*, 2012 WL 5240124 (D. Mass. Oct. 24, 2012).  Because the Court will remand the case, it need not address the question of whether the Housing Court's margin order granting Cioffi's "motion for leave of court to implead" BANA sufficed to make it a party to the case.

In the alternative, Cioffi also contends that BANA has removed too late.  The removal statute, 28 U.S.C. § 1446(b)(1), provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  Where, as here, removal is based on a claim of diversity jurisdiction, notice of removal must be filed within 30 days of receipt of the complaint, or any "other paper from which it may first be ascertained that the case is one which . . . has become removable."  *Id.* § 1446(b)(3).  However, it may not be removed "more than 1 year after commencement of the action, unless the district court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  *Id.* § 1446(c).

Again, because the case will be remanded, the Court need not decide whether BANA's removal was untimely, or whether Cioffi waived the argument by failing to raise it in a timely manner.  *See Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 46-47 (1st Cir. 1995).

### III.   Conclusion

For the foregoing reasons, Cioffi's motion to remand is GRANTED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated: July 21, 2016                          United States District Judge